### No. 787

### MORTON v. STATE

'Ohio Appeals, Eighth District, Cuyahoga County
No. 4734. Decided Oct. 1, 1923

#### 172. EVIDENCE.

**Depositions—Not prejudicial error to refuse to allow accused to attend deposition taken on his behalf outside state under 13668-3 GC—Epecially when counsel for accused was present and helped take the deposition, and it was used in the trial to establish the defense.**

SULLIVAN, J.

#### Epitomized Opinion.

Morton was convicted the second time of robbing the West Cleveland Bank of $62,000. Supreme Court reversed the first judgment of conviction for error in refusing to allow Morton to take depositions outside of Cuyahoga county and to be present thereat under Sec. 13668-1 and 2 GC. Morton assigns as error in the second judgmenᵗ, the refusal of the court to permit him under the provision of Sec. 13668-3 GC. to be present at Marquette, Mich., in the taking of depositions in his behalf. These depositions tended to prove the defense of alibi and photograph of Morton was used in the taking of the depositions. The admission in evidence of certain leᵗters which were copies of letters alleged to have been written by Morton and bearing directly upon the question of flight, is also assigned as error. In affirming the judgment the Court of Appeals held:

1. "If counsel for plaintiff in error had refused to proceed without the presence of the plaintiff in error at the time and place of the taking of the depositions when the Common Pleas Court refused to permit the attendance of the plaintiff in error and had then and there rested upon his rights under the statute, it might be said that by reason of the action of the lower court, prejudicial error was committed, but plaintiff in error's counsel, instead of standing on the legal rights which he asserted for and on behalf of his client, went forward

and took the depositions which, in character, were of such advantage and benefit to the plaintiff in error that they were used in the trial of the cause to establish his defense of alibi. It therefore can-ᵒut be said that substantial justice has not be.ni .done."

2. It was not error to admit in evidence the copies of the alleged letters, the originals of which were proved to have been lost in the mails, the handwriting of the letters having been identified as that of Morton.

**Attorneys**—G. W. Spooner, for Morton; E. C. Stanton, for State.

---

### No. 788

### BUCYRUS THEATRES CO. v. PICKING et al

Ohio Appeals, 3rd District. Crawford Count
No. 991. Decided May 26, 1923

#### 216. INJUNCTION.

**Injunction will be denied where it is not shown that one party is doing a wrongful or unlawful act.**
HUGHES, J.

#### Epitomized Opinion

This was an order for a restraining order. The court held:

1. As the evidence failed to show that the defendant was doing or was about to do any unlawful or any unauthorized act, the injunction must be denied.

**Attorneys**—Charles F. Schaber, William C. Beer, for Bucyrus Theatres Co.; D. L. Sears, Edward J. Myers, for Picking et al.

---

### No. 789

### AUER v. CROFT

Ohᶦo Appeals; 3rd District, Union County
No. 64. Decided March 31, 1923

#### 235. LIENS.

**Possession of machinery repaired prerequisite to lien by repairer.**
HUGHES, J.

#### Epitomized Opinion

This was an action to enforce a lien for labor and material. The evidence disclosed that the Marysville Foundry and Machine Company went upon the premᶦses of the defendant and repaired certain machinery. This company did not retain possession of the machinery. As the defendant did not pay for the repairs on the same, the present action was brought, and denying the plaintiff's right to a lien, the Court of Appeals held:

1. The repairs were made upon the credit of the person who employed the plaintiff, and not upon any asserted right to a lien upon the property, as possession is essential to the creation of a lien of this character.

**Attorneys**—John L. Loughrey, for Auer; Milo L Myers, for Croft.